IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DURWIN C. BOYD (AIS # 189145), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.   2:13CV354-WHA |
| ) | |
| CORIZON INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment filed by the Defendant, Corizon, Inc. (Doc. #41).

The Plaintiff, Durwin Boyd ("Boyd"), filed a Complaint bringing claims against Defendant Corizon, Inc. ("Corizon") and several individual defendants for violations of his constitutional rights under 42 U.S.C. §§ 1983, 1985(3), and 1986, and for various state law claims.  The court ruled on a Motion to Dismiss brought by the individual defendants, and the case proceeded on the claims against Corizon only.  The claims against Corizon are for violation of 14th Amendment substantive due process (Count I), violation of the 8th Amendment prohibition against cruel and unusual punishment (Count II), conspiracy (Count III), invidiously discriminatory animus (Count IV), and state law claims for wantonness (Count V) and negligence (Count VI).

The court has federal question subject matter jurisdiction over the federal claims and can exercise supplemental jurisdiction over the state law claims.  28 U.S.C. §§ 1331, 1343(a), and 1367.

For reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED as

to the federal claims and the state law claims are due to be dismissed without prejudice.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.   Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."   Fed. R. Civ. P. 56 (c)(1)(A),(B).   Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).   On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court

shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

### III. FACTS

Boyd was an inmate at the Elmore Correctional Facility in Elmore, Alabama. Corizon is the contract health care service provider for the Alabama Department of Corrections ("ADOC"). Corizon employs doctors and nurses at both the Elmore Correctional Facility and Staton Correctional Facility.

On or about May 23, 2011, while on work release, Boyd's right thumb was crushed by a garbage truck clamp, which was inadvertently lowered by another inmate. Boyd's thumb was split in half and his finger nail was detached.

After the injury, Boyd was returned to the Elmore Correctional Facility for treatment. Upon arriving, Boyd was forced to wait approximately thirty minutes before being taken to the Staton Infirmary Facility, located at Staton Correctional Facility, which is also in Elmore, Alabama. Once at the Staton Infirmary Facility, after several hours of waiting, Boyd was seen by a Corizon doctor. The doctor referred Boyd to a specialist.

The next morning, May 24, 2011, Boyd was taken to see an orthopedic specialist, Dr. Kenneth Taylor ("Dr. Taylor"). Dr. Taylor performed surgery on Boyd's thumb the next morning, May 25, 2011. Boyd points to medical records and states that he developed an infection after surgery because of the lack of medical care. Boyd also contends that he was not given pain medicine as prescribed by Dr. Taylor. Boyd contends that because of a lack of proper medical care from Corizon, he has a thick, awkward right thumbnail.

## IV. DISCUSSION

### Federal Claims

Corizon has moved for summary judgment as to Boyd's federal claims in Counts I through IV of the Complaint. Boyd concedes that summary judgment is due to be granted as to Counts III and IV. (Doc. #44 at p.8). The court, therefore, turns to the grounds for summary judgment asserted as to Counts I and II.

Count I is a claim for violation of 14th Amendment substantive due process and Count II is a claim for violation of the 8th Amendment prohibition against cruel and unusual punishment.

Corizon argues that the 8th Amendment, rather than the 14th, addresses violations of medical needs of incarcerated persons, citing *Edwards v. Gilbert*, 867 F.2d 1271, 1274 (11th Cir. 1989). Boyd agrees with this proposition, but argues that he should be allowed to proceed on a substantive due process theory because Corizon has also moved for summary judgment on his 8th Amendment claim.

The substantive due process clause in the 14th Amendment does not afford greater protection than the 8th Amendment. *See Edwards*, 867 F.2d at 1274. Therefore, Boyd cannot proceed on a separate substantive due process claim. *See Brown v. Smith*, 813 F.2d 1187, 1188-89 (11th Cir. 1987) (reasoning that the 8th Amendment and not substantive due process governed, and affirming summary judgment as to the substantive due process and 8th Amendment claims). Accordingly, summary judgment is due to be granted as to the substantive due process claim in Count I.

As to Boyd's claim in Count II, Corizon argues that it cannot be held liable for an 8th Amendment violation under §1983 on the basis of *respondeat superior*. *See Buckner v. Toro*, 116 F.3d 450, 453 (11th Cir. 1997) (holding "the *Monell* policy or custom requirement applies in suits

4

against private entities performing functions traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates."). Corizon argues that there is no evidence that any delay in or denial of medical treatment to Boyd was the result of an official custom, policy, or practice of Corizon.

To establish §1983 liability, Boyd must demonstrate a policy, custom, or practice of the prison medical care provider which was the moving force behind the deprivation of the plaintiff's constitutional rights. *See Craig v. Floyd County, Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). Generally, to establish a custom or practice, a plaintiff must show a persistent and widespread practice. *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004). A custom is a practice that is so settled and permanent that it takes on the force of law. *Sewell*, 117 F.3d at 489. The threshold identification of a custom or policy "ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *McDowell*, 392 F.3d at 1290. (quotation and citation omitted). This prevents the imposition of liability based upon an isolated incident. *Id.*

Boyd argues in his brief that Corizon had a policy, practice, or custom of withholding medical treatment from inmates in the ADOC system, and a policy, practice, or custom of avoiding liability for medical treatment. Boyd has not pointed to evidence of a written Corizon policy, but instead points to evidence of his medical treatment, including records which he interprets as showing that he was not given prescribed medication.

The Eleventh Circuit has decided a case in which a policy, custom, or practice argument

5

similar to Boyd's was made. *See Craig*, 643 F.3d at 1312. In *Craig*, a detainee was alleged to have suffered injury because he was detained for nine days, and evaluated sixteen times by nine employees during that period, but was only treated with medication, and was not referred for surgery until the end of the nine-day period. The plaintiff argued that he established a policy, custom, or practice of the private medical provider because the actions of the employees, taken together, established a practice of not referring detainees to physicians, relying on hospital clearance forms, and using the least costly means to treat detainees. *Id.* at 1311. The Eleventh Circuit explained that because the plaintiff did not point to an occasion when the alleged policy or custom exacerbated another inmate's medical condition, and only relied on evidence of his own treatment, the plaintiff's proof amounted to proof of a single incident, which cannot be the basis for imposing liability under §1983. *Id.* The court rejected the argument that a custom, policy, or practice could be established by relying on evidence only of the plaintiff's own experience. *Id.* at 1311-12. Specifically with regard to the alleged policy of treating the plaintiff with the least costly means, the court stated that "[a]lthough several employees of Georgia Correctional treated Craig over the course of nine days, those treatments of him are insufficient to prove that Georgia Correctional had a policy or custom of constitutional violations against detainees that was 'persistent,' or 'so widespread as to have the force of law.'" *Id.* (citations omitted).

Under the holding in *Craig*, the court concludes that Boyd's reliance on evidence of the identified delay in and denial of treatment of his thumb, without evidence of denial of treatment or delay of treatment of other inmates to establish a persistent or widespread practice, is insufficient to show that there was a policy, custom, or practice which led to a deprivation of his constitutional rights. Because Corizon cannot be held liable under §1983 without evidence to support a finding of a policy, custom, or practice, summary judgment is due to be GRANTED as to the claim in

Count II of the Complaint.

State Law Claims

Although Corizon lists Boyd's state law claims in its brief and moves for summary judgment in full, Corizon has not advanced arguments specific to the state law claims.

Section 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction."  *See also Raney v. Allstate Ins. Co*., 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").   Because the federal claims against Corizon over which this court had original jurisdiction are due to be resolved against Boyd, the court will decline to exercise its supplemental jurisdiction over the state law claims and they will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

### V. CONCLUSION

For the reasons discussed, the Motion for Summary Judgment (#41) is ORDERED GRANTED as to the federal claims in Counts I-IV of the Complaint.  The court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3).  A separate Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 11th day of June, 2015

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE